THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Gloria and
 Johnnie Wright, Appellants,
 v.
 South Carolina
 Department of Social Services, Respondent.
 
 
 

Appeal From Fair Hearing Committee
 Thomas J. Burkizer, Hearing Officer

Unpublished Opinion No. 2008-UP-316
Heard April 9, 2008  Filed June 25, 2008

APPEAL DISMISSED

 
 
 
 Michele R. Krize, of Florence, for Appellants.
 Delton W. Powers, Jr., of Bennettsville, for Respondent.
 
 
 

PER CURIAM:  Foster
 parents Gloria and Johnnie Wright (collectively the Wrights) appeal the Fair
 Hearing Committees (Committee) finding that the South Carolina Department of
 Social Services (Department) did not violate the Wrights due process rights by
 removing the Wrights foster child from their home.  We dismiss.   
LAW/ANALYSIS
The
 Wrights argue the Committee erred in affirming the Departments decision to
 remove their foster child from their home because substantial evidence did not
 support the Departments decision.  We find we lack jurisdiction to hear this
 matter.  Consequently, we dismiss.        
 A
 foster parent has the right to appeal . . . the removal of a foster child from
 the foster home.  27 S.C. Code Ann. Regs. 114-140(A)(1)(c) (Supp. 2007).  The Department, and not the Administrative Law Court
 (ALC), hears appeals from the removal of children from foster homes.  27 S.C. Code Ann. Regs. 114-140(C)(1) (Supp. 2007).  After
 an aggrieved party has exhausted all administrative remedies available within
 the Department, he may seek judicial review of the decision.  S.C. Code Ann. §
 1-23-380(A) (Supp. 2007).  Except as otherwise provided by law, an
 appeal is to the court of appeals.  § 1-23-380(A) (emphasis added).  An
 administrative law judge . . . shall preside over all
 appeals from final decisions of contested cases pursuant to the Administrative
 Procedures Act.[1] 
 S.C. Code Ann. § 1-23-600(D) (Supp. 2007).  
The
 Legislatures 2006 changes to section 1-23-380(A) of the South Carolina Code
 appear to give the Court of Appeals subject matter jurisdiction to hear this
 appeal.  However, as the Department observed, section 1-23-600(D) provides an exception
 to this rule.  Under that exception, the ALC has subject matter jurisdiction
 over an appeal of a decision of the Department.  Therefore, we lack
 jurisdiction to hear this appeal.[2]  
CONCLUSION
An
 appeal from the Departments decision in this matter should be to the ALC. 
 Accordingly, this appeal is 
DISMISSED.
HEARN,
C.J., PIEPER, J., and CURETON, A.J., CONCUR.  

[1] However, the ALC does not have jurisdiction over
 appeals from the Public Service Commission, the State Ethics Commission, the
 Procurement Review Panel, the Workers Compensation Commission, or the
Employment Security Commission.  
[2] We note that since his removal from the Wrights
 home, Child has bonded with another foster parent whom the Department approved
 to adopt Child.  By order dated June 2, 2008, the family court granted the
 adoption.  Consequently, were we to review this matter on the merits, we would
 nevertheless dismiss it as moot.  See Curtis v. State, 345 S.C.
 557, 567, 549 S.E.2d 591, 596 (2001) (appellate court will not consider moot
questions).